THE STATE, THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, PROSECUTORS, v. THE INHABITANTS OF THE TOWNSHIP OF CLINTON, IN THE COUNTY OF ESSEX, AND EDWARD R. DAY, COLLECTOR, DEFENDANTS.

1. Property belonging to a municipality, used for a public purpose germane to the objects for which the municipality was created, is not taxable.

2. If a city purchase a farm situated in another municipality, although for the purpose of obtaining a place for burying the poor who die in the city, and use the bulk of the premises for farming purposes to derive pecuniary profit therefrom, the whole property will not be exempt from taxation, but only such reasonable quantity as has been set apart and is being used for the burial of the dead.

3. The case of *City of Hoboken* v. *Township of North Bergen*, 14 *Vroom* 146, distinguished from this case, as being governed by a statute of exemption.

4. The general tax law exempts from tax graveyards not exceeding ten acres.

5. Assessment to stand on the value of the premises, except the part practically set aside for burial purposes.

---

On *certiorari*.   In matter of tax.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the prosecutors, *Joseph Coult*.

For the defendants, *Riker & Riker*.

The opinion of the court was delivered by

PARKER, J. This *certiorari* removes the assessment of taxes for the year 1881, made on fifteen and a half acres of land, by the assessor of the township of Clinton, in the county of Essex, which land was situated in said township of Clinton, and belonged to the city of Newark.

In September, 1869, the land in question was conveyed to the city of Newark by a deed, which does not express nor in any way indicate the purpose for which the land was to be used by the city. It is admitted, however, in the stipulation between counsel, that the city purchased the property for a burial-place for the poor of the city, and that the intention was to use it for such purpose.

At the time of the purchase the premises consisted of a dwelling-house and barn, together with seven acres of land under cultivation as a farm, one acre of orchard, and seven acres and a half of woodland and lowland. Since the purchase of the property by the city, and at the time of the assessment in question, it was in the same condition and used for the same purposes as when it was purchased, except that one-half of an acre had been conveyed by the city to the Pennsylvania Railroad Company, and two acres, situated in the southeast corner of the tract, had been fenced and separated by the fence and by the woodland from the other part of the tract.

Within those two acres, thus separated, interments of the dead bodies of the poor of Newark have continuously been made—several hundred who had been previously buried within the city limits having been removed there immediately after the purchase. The graves, at the time of the assessment,

occupied about one-half of the said two acres, the remaining portion thereof being suitable for burial purposes.

The assessment in question is upon the entire property.

The reasons filed by the prosecutor set forth and claim that the whole of said premises are exempt from taxation: (1) because they are the property of the city of Newark; (2) because the tax was assessed upon a grave-yard, the property of the city of Newark, and (3) because the tax was assessed upon a cemetery, the property of the city of Newark.

There is no doubt that public property, whether belonging to a state, a county, a city, a township or a borough, used for a purpose germane to the objects for which the municipality was created, is not taxable. But to be entitled to exemption from tax, the property must be used for such purpose.

If a city purchase a farm of one hundred acres, situated in another municipality, on which are a dwelling-house and buildings necessary to carry on the farming business, for the purpose of obtaining five acres thereof to be used for a grave-yard, and use the ninety-five acres so as to derive profit therefrom, either through lease or by cultivation, the whole property will not be exempt from taxation, because the whole is not used for public purposes or in fulfillment of a public trust. It would manifestly be unjust to withdraw the whole property from assessment and deprive the municipality in which it is situated from the proportion of tax it should pay. "There is a distinction between property held and owned by a municipal corporation for profit, like a private individual, charged with no public trust or use, and that which it holds for a general or special trust." *Camden* v. *Camden Village,* 3 *East. Rep.* 26, and cases there cited.

In the case before the court, only two acres of land have been practically set apart for the burial of the dead, only one-half of which, up to the time of the assessment, a period over ten years, had been used for that purpose. The remainder of the premises were used so as to derive pecuniary profit to the city therefrom.

The second and third reasons urged for setting aside the

assessment are that the property in question is a grave-yard, or cemetery, and therefore, it is claimed, that no part of it is liable to taxation. To sustain this view, the case of *City of Hoboken* v. *Township of North Bergen*, 14 *Vroom* 146, is cited on behalf of the prosecutor. But that case is not applicable to the question now before the court. In that case, seventeen acres were declared exempt from tax, by a special act. A statute was passed in 1857 (*Pamph L., p.* 498) which gave the city of Hoboken express power to purchase the property for burial purposes, to be set apart forever for such purposes. After the premises, consisting of about seventeen acres, had been purchased by the city of Hoboken, and set apart, a supplement was passed, in 1862, which in direct terms exempted the whole tract from taxation.

There is no law authorizing the city of Newark to purchase land for burial purposes outside the city limits, unless it be the city charter (and this is controverted) ; but if the city had the power to make the purchase, there is no special law exempting the property from taxation.

This case must therefore be governed by the general law on the subject. The act " authorizing the incorporation of rural cemetery associations and regulating cemeteries," passed April 9th, 1875 (*Rev., p.* 100), does not apply, because there is no corporation in this case, pursuant to said act.

The sixty-fourth section of the general tax law (*Rev., p.* 1152) enumerates the property exempt from tax in this state, and it enacts that " grave-yards not exceeding ten acres " shall be exempt. The act does not require as much as ten acres to be exempt, but that the exemption shall not exceed ten acres.

The quantity of land which is exempted from assessment by the general tax law will depend upon the circumstances of each case. Where there is a burial-ground of ten acres or less, no part of which is used for pecuniary profit, but where the whole contains graves, whether in close proximity or scattering, the whole will be exempt. But where a part of the premises is under cultivation, in meadow, or covered by woods, such part is taxable, and only the part used for inter-

ments, with such reasonable quantity of land adjoining as will probably be required for a few years to come, will be exempt. When more land shall become necessary for burial purposes, the quantity of land exempt from tax may in future be increased.

In this case, I think, the assessment upon the whole of the property is erroneous and should be set aside, and that the assessment should stand upon the true value of the premises, after excepting the two acres in the southeast corner of the tract, which had been fenced and separated from the residue of the property by the woodland.

Neither party will pay costs to the other.